UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAMELA CRANE, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> J & M COMMUNICATIONS, INC. d/b/a ULTIMATE HOME HEALTH CARE <br><br> Defendant. | § § § § § § § § § § § § § § CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Pamela Crane, individually and on behalf of all other similarly situated current and former employees of Defendant, brings this Collective Action against Defendant, J & M Communications, Inc. d/b/a Ultimate Home Health Care, Inc., and alleges as follows:

### I.

### OVERVIEW

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §216(b) of the FLSA. She brings these claims as a collective action on behalf of herself and all current or former home healthcare workers employed by Defendant from January 1, 2015, to present who were not paid overtime for all hours worked in excess of 40 hours a week as required by § 207(a) of the FLSA.

## II.

## PARTIES

2. Plaintiff, Pamela Crane, is a citizen of the United States, domiciled in the City of Dallas, State of Texas, and has been employed by Defendant from March 2015 to the present as a home healthcare worker who provided companionship services. Plaintiff's hours varied from week to week in 2015 and 2016 but she regularly worked more than 40 hours a week, including some weeks in which she worked as many as 47. Despite her overtime work, she was not properly compensated for all hours worked in excess of 40 hours per week for work performed from January 1, 2015, to the present. Plaintiff's consent to sue is attached hereto as Exhibit A.

3. Defendant, J & M Communications, Inc. d/b/a Ultimate Home Health Care, Inc. (hereinafter referred to as "Ultimate"), is a Texas corporation with its principal place of business located in Garland, Texas and may be served through its registered agent, Johnson E. Daniel, 4402 Broadway Blvd., Suite 14, Garland, Texas 75043.

4. Defendant Ultimate employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which she seeks redress in this case.

5. The precise size and the identity of the Putative Class Members will be ascertainable from the business records, tax records and/or employee or personnel records of Defendant and its related and affiliated entities.

## III.

## JURISDICTION

6. This Court has subject matter jurisdiction of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331. Plaintiff's claims arise under §207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, since Defendant conducts business in the Northern District of Texas.

## IV.

## VENUE

7. Venue is proper in this District under 28 U.S.C. §1391(b)(1), as Defendant is domiciled within this District, and under 28 U.S.C. §1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District.

## V.

## COLLECTIVE ACTION DEFINITION

8. The class of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current or former home healthcare workers employed by J & M Communications, Inc. d/b/a Ultimate Home Health Care, Inc. and/or any of its affiliated entities who were not paid overtime for all hours worked over 40 in a work week since January 1, 2015.

## VI.

## COVERAGE UNDER THE FLSA

9. At all times hereinafter mentioned, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d).

10. At all times hereinafter mentioned, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## VII.

## FACTS

13. Plaintiff and the Class Members were employed by Defendant as home health care workers who provided companionship services for the elderly, ill, or disabled.

14. Plaintiff's hours varied from week to week in 2015 and 2016, but she regularly worked more than 40 hours a week, including some weeks in which she worked as many as 47.

15. Upon information and belief, the Class Members were also regularly scheduled to and did work more than 40 hours in a week.

16. Neither Plaintiff nor the Class Members were compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked in excess of forty hours a week for all weeks worked after January 1, 2015 through the present.

17. Plaintiff is aware of other current and former employees of Defendant who were subject to the same payroll practice.

## VIII.

## FLSA VIOLATIONS

18. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over 40 in a work week.

19. The FLSA, however, exempted from overtime "domestic workers" who provided companionship and other services to individuals who were unable to care for themselves and also exempted live in domestic service workers. 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

20. Until recently, the Department of Labor interpreted these exemptions to include such workers who were employed by third-party agencies or employers.

21. Due to a shift from domestic-service workers being hired directly by the home care recipient to domestic-service workers primarily employed by third-party agencies, the Department of Labor adopted regulations in October 2013 changing its position on the application of these exemptions to domestic-service workers employed by third-party agencies or employers.

22. Thus, beginning on January 1, 2015, domestic-service workers employed by third-party agencies or employers were no longer exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. §552.109(a) 2015.

23. Accordingly, as of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 150% of the employee's regular rate of pay for hours worked over 40 in a work week.

24. Defendant has violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying domestic-service workers, like Plaintiff and the Class Members, overtime as now required by law, effective January 1, 2015.

25. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Class Members overtime compensation for all hours worked over 40 by failing to either commence paying overtime or to retroactively pay overtime effective January 1, 2015.

## IX.

## COLLECTIVE ACTION ALLEGATIONS

26. Defendant's practice and policy of not paying overtime effective January 1, 2015 uniformly affects Plaintiff and the Class Members and is a willful violation of the FLSA. Some of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not paid overtime for all hours worked over 40 per work week as required by the FLSA effective January 1, 2015.

27. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay, and employment practices.

28. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Class Members are similarly situated employees.

29. The specific job titles or precise job requirements of the Class Members does not prevent collective treatment. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## X.

### FAIR LABOR STANDARDS ACT—OVERTIME WAGES

30. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Defendant failed to pay overtime wages to Plaintiff and the Class Members for all the hours they worked more than 40 in a week as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and its implementing regulations.

32. Defendant's failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of the FLSA.

33. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.

34. Plaintiff and the Class are entitled to unpaid overtime, liquidated damages, and attorney fees under the FLSA.

## DEMAND FOR TRIAL BY JURY

Plaintiff is entitled to and hereby requests trial by jury on all issues herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the putative class members at the earliest opportunity to ensure class members' claims are not lost to the FLSA statute of limitations;

2. For an Order finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit) under the FLSA;

3. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action as provided under the FLSA;

4. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees as provided under the FLSA;

5. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

6. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: October 11, 2016

Respectfully Submitted:

By: /s/ Philip Bohrer
    Philip Bohrer  (Bar No. 00792194)
    *phil@bohrerbrady.com*
    Scott E. Brady
    *scott@bohrerbrady.com*
    BOHRER BRADY, LLC
    8712 Jefferson Highway, Suite B
    Baton Rouge, Louisiana   70809
    Telephone: (225) 925-5297
    Facsimile: (225) 231-7000


    Corinna Chandler
    Texas Bar No. 24061272
    Chandler Law, P.C.
    3419 Westminster #343G
    Dallas, Texas 75205
    972-342-8793
    972-692-5220 (fax)
    chandler@chandlerlawpc.com