# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **PAMELA CRANE, individually and on behalf of all others similarly situated,** | § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:16-CV-2855-L-BH |
| | § | |
| **J & M COMMUNICATIONS, INC., d/b/a ULTIMATE HOME HEALTH CARE,** | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order of reference dated February 22, 2017, this case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Plaintiff's Motion to Conditionally Certify FLSA Collective Action, Approve Notice, and Expedited Consideration*, filed February 7, 2017 (doc. 10). Based on the relevant filings, evidence, and applicable law, the motion is **DENIED.**

## I. BACKGROUND

On October 11, 2016, Pamela Crane (Plaintiff) brought this collective action to recover unpaid overtime wages under the Fair Labor Standards Act (FLSA) on behalf of herself and all current or former home healthcare workers employed by J & M Communications, Inc. d/b/a Ultimate Home Health Care (Defendant) from January 1, 2015 to the present. (doc. 1 at 1.)[1]

Plaintiff alleges that Defendant violated 29 U.S.C. §§ 207 & 215(a)(2) of the FLSA by

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

failing to comply with new regulations from the Department of Labor (DOL) that require third-party employers to pay overtime compensation to employees "who provided companionship and other services to individuals who were unable to care for themselves." (*Id*. at 5-6.) Plaintiff claims that she and other similarly situated employees regularly worked more than 40 hours per week but were not compensated with overtime wages for those additional hours. (*Id*. at 5-7.) She further alleges that "Defendant's practice and policy of not paying overtime effective January 1, 2015 uniformly affects Plaintiff [and similarly situated employees] and is a willful violation of the FLSA." (*Id*. at 6.) She seeks unpaid overtime wages, liquidated damages, and attorney fees. (*See id.* at 7-8.)

Plaintiff moves for conditional certification of a collective action class comprised of "[a]ll current and former home healthcare workers employed by J & M Communications, Inc. d/b/a Ultimate Home Health Care and/or any of its or their affiliated entities, who were paid hourly and who were not paid overtime for all hours worked over 40 in a work week since January 1, 2015." (doc. 10-1 at 7.) She provides a company brochure and an administrative policy manual from Defendant, as well as her own declaration and payroll records. (*See* docs. 10-3, 10-4, 10-5.) She also moves for authorization to provide written and electronic notice of the action to potential plaintiffs. (doc. 10-1 at 14-22.)

## II. OBJECTIONS

Defendant objects and moves to strike certain paragraphs from Plaintiff's declaration (Declaration) because she "lacks personal knowledge and personal observation" to make those statements. (doc. 15 at 12.) It also objects and moves to strike three other exhibits because they are not authenticated. (*Id*. at 16-17.)

## A. Plaintiff's Declaration

Defendant objects to paragraphs 7, 8, 10, 11, 12, 15, and 16 of the Declaration because Plaintiff lacks personal knowledge and is making conclusory statements as to the employment of Defendant's other home healthcare workers. (*Id*. at 12.)

Because the "factual support necessary for certification of a collective action is modest," federal courts in this district apply "a lenient evidentiary standard." *Nguyen v. Versacom, LLC*, No. 3:13-CV-4689, 2015 WL 1400564, at *3 (N.D. Tex. Mar. 27, 2015). This means "that affidavits or declarations offered in support of motions for conditional certification need not be based on evidence that would be admissible at trial." *Parker v. Silverleaf Resorts, Inc*., No. 3:14-CV-2075-B, 2017 WL 1550522, at *6 (N.D. Tex. May 1, 2017) (citing *Lee v. Metrocare Servs*., 980 F. Supp. 2d 754, 759-61 (N.D. Tex. 2013) ("Plaintiffs need not present evidence in a form admissible at trial at the notice stage.")). However, the contents of affidavits and declarations must still be based on personal knowledge. *See Lee*, 980 F. Supp. 2d at 762 (citation omitted).

The Fifth Circuit has noted that "a declarant may satisfy the personal knowledge requirement based on his position" as an employee within the company. *Id.* at 763 (citing *Villarreal v. St. Luke's Episcopal Hosp*., 751 F. Supp. 2d 902, 912 (S.D. Tex. 2010) ("By virtue of his position, [declarant] has properly stated a basis upon which he may have gained personal knowledge of the organization by way of his day-to-day work and interaction with other employees . . . during his tenure with [d]efendant.")). A declaration can also overcome evidentiary objections to a declarant's personal knowledge when the declaration contains a statement that it is based on personal knowledge. *See Parker*, 2017 WL 1550522, at *6 (citing *Perez v. Alcoa Fujikura, Ltd.*, 969 F. Supp. 991, 998 (W.D. Tex. 1997)).

### 1. *Statements on the Duties of Other Home Healthcare Workers*

Paragraphs 7, 8, 10, 11, and 12 of the Declaration all describe the work activities and job responsibilities of the "other home healthcare workers." (doc. 10-5 at 3.)

In these paragraphs, Plaintiff states that "Defendant hired other home healthcare workers who had the same job responsibilities [as she did]," they all share the same job description, all of the home healthcare workers have to perform a plan of care for their clients, and that their "activities and hours were monitored and recorded using an automated system, called Vesta." (*Id.*) Plaintiff explains that she has knowledge of this because she has "worked with other home healthcare workers," she has "discussed job duties with other workers,"[2] the "job duties and responsibilities [were] discussed at company meetings," the "duties and responsibilities are set forth in company policies and procedures," and because Defendant "uses the same automated system for all home healthcare workers." (*Id.* at 2-3.) This is sufficient to show personal knowledge regarding the responsibilities of the other home healthcare workers. *See Lee*, 980 F. Supp. 2d at 763-64 (finding it reasonable to infer at the notice stage that employees "had personal knowledge of the employment conditions of other [employees] based on their own observations and experiences during their employment."); *see Villareal*, 751 F. Supp. 2d at 912 (finding that the affiant's interactions and conversations with other employees was sufficient to show personal knowledge about coworkers' schedules and work responsibilities); *see Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510,

---

[2] Defendant appears to object that Plaintiff's discussions with other employees regarding job responsibilities are hearsay. (doc. 15 at 13.) To the extent that Defendant is making a hearsay objection, it is overruled because, at the initial notice stage of a FLSA collective action, courts routinely look at hearsay statements as the movant does not yet need to present evidence in a form admissible at trial. *See Nguyen,* 2015 WL 1400564, at *3-4 (overruling the defendant's hearsay objection to plaintiff's evidence submitted at the notice stage of a FLSA collective action) (citations omitted); *see also Contreras v. Land Restoration LLC*, No. 1:16-CV-883-RP, 2017 WL 663560, at *5 (W.D. Tex. Feb. 17, 2017) (collecting cases) ("Whether framed in terms of 'personal knowledge' or not, the acceptance of hearsay at the conditional certification stage is widespread in Texas.").

514 (W.D. Tex. 2015) (finding that the affiant acquired personal knowledge "by way of his own employment with the company, as well as specifically inquiring of other workers concerning their experiences"). Defendant's objections to paragraphs 7, 8, 10, 11, and 12 of the Declaration are all **OVERRULED**.

### 2. *Statement on Overtime Hours of Other Home Healthcare Workers*

Paragraph 15 of the Declaration describes the overtime hours worked by the "other home healthcare workers." (doc. 10-5 at 4.) The Declaration states that these other home healthcare workers "also worked well over (40) hours per week in 2015 and 2016, and Defendant did not pay them any overtime wages." (*Id.*) Plaintiff states that she "knows this because . . . [she] was told by a company representative that employees were no longer permitted to work overtime because of this lawsuit." (*Id.*) Even if this general statement is sufficient to support the inference that employees worked overtime prior to the lawsuit, it is insufficient to show Plaintiff's personal knowledge about the existence of other home healthcare workers who worked over 40 hours in a week without overtime compensation. *See McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14-CV-120, 2015 WL 737024, at \*5 (W.D. Tex. Feb. 20, 2015) (finding that one of the plaintiffs had an insufficient factual basis to support his statements on the overtime hours and compensation of other employees because he failed to show how he had personal knowledge of other employees' overtime). Accordingly, Defendant's objection to paragraph 15 is **SUSTAINED**, and it will not be considered.

### 3. *Statement on Defendant's Overtime Compensation*

Paragraph 16 describes Defendant's "policy" on overtime compensation. (*See* doc. 10-5 at 4.) It states that Defendant's overtime policy was "to pay [her] and other home healthcare workers 'straight time' for all hours worked, including any hours worked in excess of 40 per work week."

5

(doc. 10-5 at 4.) She claims personal knowledge of this because a company representative told her that "[Defendant] did not pay overtime." (*Id.*) This is sufficient to show that Plaintiff has personal knowledge regarding Defendant's practice on overtime compensation. *See McCloud*, 2015 WL 737024, at *4 (finding that the plaintiff had personal knowledge on the defendant's company pay structure "because of conversations he had with company management [and other employees]"). Defendant's objection to paragraph 16 of the Declaration is **OVERRULED**.

B. **Exhibits A, B, and D**

Defendant also objects to Plaintiff's Exhibits A, B, and D because they are not authenticated or referred to in Plaintiff's Declaration. (doc. 15 at 16-17.) These exhibits are Defendant's company brochure, its administrative policy manual, and Plaintff's pay stubs. (*See* docs. 10-3, 10-4, 10-6.)

As noted, federal courts in this district apply a "lenient evidentiary standard" at the initial certification stage of a collective action where plaintiffs "need not present evidence in a form admissible at trial at the notice stage." *Lee*, 980 F. Supp. 2d at 759-61. Here, Defendant does not contest that the company brochure, the administrative policy manual, or her own pay stubs are incorrect reproductions, but it only objects that Plaintiff fails to authenticate them. (doc. 15 at 16-17.) Even if these documents are not properly authenticated, the Court can still consider them because of the "lenient evidentiary standard" at the certification stage of this collective action. *See Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1222-23 (S.D. Ala. 2008) (overruling the defendant's authentication objections because there is no requirement "that all prerequisites of admissibility must be satisfied before these exhibits may be considered at the conditional class certification stage" for a FLSA collective action). Plaintiff's objections to Exhibits A, B, and D are **OVERRULED**.

## III. CONDITIONAL CERTIFICATION

The FLSA provides that a suit may be instituted by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions. 29 U.S.C. § 216(b). This type of collective action follows an "opt-in" procedure in which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[3] *Id.*

Under the FLSA, courts have discretion to allow a party asserting claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, courts in this district utilize a two-stage approach that involves a "notice" stage and a "decertification" stage with different evidentiary thresholds applying at each. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008) (noting that district courts in the Northern District of Texas apply the two-stage test).[4]

At the "notice" stage under the two-step approach, a plaintiff files a motion to authorize notice of the lawsuit to potential class members. *See Mooney*, 54 F.3d at 1213-14. The evidentiary

---

[3] Section 216(b) actions differ from Fed. R. Civ. P. 23 class actions in that members of the class are permitted to "opt-in" rather than "opt-out" of the class. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Rule 23 and § 216(b) class actions are "mutually exclusive and irreconcilable," and those who choose not to opt-in to a class action under § 216(b) are not bound by, and may not benefit from, the judgment. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288-89 (5th Cir. 1975) (per curiam).

[4] Although *Mooney* addressed the collective action procedure under the Age Discrimination in Employment Act (ADEA), it applies in the FLSA context because the ADEA explicitly incorporates 29 U.S.C. § 216(b). *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 809 n.7 (S.D. Tex. 2003).

standard at this stage is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ." *Id*. at 1214 n.8. However, a court should be mindful of the "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991). If the motion is granted, the district court will conditionally certify the class so that putative class members are given notice and the opportunity to "opt-in" to the lawsuit. *Mooney*, 54 F.3d at 1214. The action then proceeds as a representative action throughout discovery. *Id*. Once discovery is complete, the case proceeds to the second stage of litigation, in which the court revisits the issue of certification, usually when the defendant files a motion to decertify the class. *Id*.

> To demonstrate that conditional certification and notice to potential plaintiffs is proper,
>
> a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) [ ] those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) [ ] those individuals want to opt in to the lawsuit.

*Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983). To determine whether the requisite showing has been made, courts look to the similarity of job requirements and pay provisions and at whether the putative class members appear to be possible victims of a common policy or plan. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Butler v. City of San Antonio*, No. SA-03-CA-170-RF, 2003 WL 22097250 at *1 (W.D. Tex. Aug. 21, 2003). Courts may also consider whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. *See H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999). Certification should be denied "'if the action arises from circumstances purely personal

to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)).

Here, Plaintiff contends that Defendant's company brochure and administrative policy manual, as well as her Declaration and payroll records, demonstrate that a class of similarly situated aggrieved individuals exists. (doc. 10-1 at 11-14.) She alleges that "Defendant subjected all home healthcare workers . . . to the same unlawful compensation policies," which was its "policy of classifying all home healthcare workers as exempt from the overtime requirements of the [FLSA] after January 1, 2015." (*Id.* at 8.)

Defendant's company brochure explains that its mission is to "provid[e] and continuously improv[e] the home healthcare needs of the patient by delivering value driven, high quality compassionate care." (doc. 10-3 at 2.) The brochure further explains that Defendant provides the following services: skilled nursing services; physical, occupational, and speech therapy services; home health aides; medical social workers; and personal attendant services. (*See id.* at 3.) Plaintiff identifies the class as "home healthcare workers," but she appears to focus only on the services provided by the "home health aides" who perform the duties of "personal hygiene care, assist with activities of daily living, light meal preparation, [and] light housekeeping." (*Id.*) Defendant's administrative policy manual similarly includes a section that lists the duties of the home health aides as "bathing/hygiene, dress, assist with elimination, range of motion, light housekeeping, hair/nail care, linen change, and light meal preparation." (doc. 10-4 at 16.) This manual, however, does not include any information as to the hours, payment provisions, overtime wages, or anything about the approximate number of "home healthcare workers" that Defendant employs. It also does

9

not explain or differentiate between the "home health aide" and the "skilled nurses," medical social workers, or therapists. (*See id.*)

Plaintiff's Declaration states that she is employed as a home healthcare worker by Defendant and that she and the other home healthcare workers have the same responsibilities of "assisting clients with household duties and personal needs, including but not limited to, running errands, shopping, companionship, administering prescribed and over-the-counter medications, housework, meal preparation, bathing, and assistance with daily living activities." (doc. 10-5 at 2-3.) It further states that Plaintiff was paid $8.50 an hour, was never paid overtime wages, and that a company representative told her that it was "company policy" that Defendant did not pay overtime. (*Id.* at 3-4.) It does not provide any information as to the approximate number of other "home healthcare workers" that Defendant employs and also does not include any statements that Plaintiff spoke with, worked with, or personally knew the other home healthcare workers who were also denied overtime compensation.[5] Plaintiff also includes her personal payroll earnings statements from May 16, 2015 to August 31, 2015, which show that she did not receive any overtime wages for hours worked over 40 hours a week. (*See* doc. 10-6.) None of the evidence or pleadings identify any other home healthcare worker, and no other home healthcare worker submitted a declaration or joined this suit.

While Plaintiff is not required to provide multiple declarations from other potential opt-in plaintiffs, she must still provide a reasonable basis for the existence of aggrieved individual who are similarly situated to her. *See Jones v. SuperMedia, Inc.*, 281 F.R.D. 282, 291 (N.D. Tex. 2012) (noting that "other courts have allowed for class certification without either the submission of

---

[5] Although the Declaration does state that other home healthcare workers "worked well over forty (40) hours per week in 2015 and 2016, and Defendant did not pay them any overtime wages," Defendant's objection to this statement was sustained, and it will not be considered. (doc. 10-5 at 4.)

statements from similarly situated employees, or affidavits from named plaintiffs that provide specific information about other employees"). The Declaration and other evidence include no specific information as to Defendant's company or the approximate number of employees it hires. The Declaration also seems inconsistent with the brochure and administrative policy manual in that the Declaration defines the position generally as a "home healthcare worker" while the other evidence identifies these individuals as "home health aides" and appears to identify other employees as "skilled nurses," medical social workers, and therapists. (*See* docs. 10-3 at 3, 10-4 at 16.) It is not clear if these other types of employees are included in Plaintiff's description of the home healthcare worker or what their compensation scheme is. Plaintiff additionally does not submit anything to show that she has personal knowledge as to the existence of other home healthcare workers who were denied overtime wages. Though she generally alleges that a company representative told her that Defendant did not pay overtime wages, Plaintiff fails to show how it was a policy that affected or was generally applicable to the other employees as opposed to just Plaintiff. Without more evidence or information, any determination about whether other "home healthcare workers" were subject to the same overtime compensation policy would be based on speculation.

Plaintiff's evidence offers support to her individual claim against Defendant for failure to pay overtime compensation, but it does not meet her burden to show a reasonable basis for the existence of other aggrieved individuals who are similarly situated to her.[6] *See Pruneda v. Xtreme*

---

[6] Plaintiff further argues that she should not be required to show that other aggrieved individuals want to opt-in to this suit. (doc. 20 at 5-6.) Several other district courts in the Fifth Circuit have rejected this element on a variety of bases, the most common being that evidence of potential opt-in plaintiffs' willingness to join the lawsuit is not statutorily required and that requiring such evidence "conflicts with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes." *Jones*, 149 F. Supp. 3d at 768 (citing *Tony and Susan Alamo Foundation v. Sec'y of Labor*, 471 U.S. 290 (1985)); *see also Villareal*, 751 F. Supp. 2d at 916. Because Plaintiff failed to show a reasonable basis for the existence of other aggrieved individuals who are similarly situated to her, this element is not outcome-determinative, and Plaintiff's arguments regarding it need not be considered.

*Drilling & Coil Servs., Inc.*, No. 5:16-CV-91-DAE, 2016 WL 8673853, at *4 (W.D. Tex. Apr. 14, 2016) (finding that the plaintiff's affidavit was insufficient to create a factual nexus that bound the plaintiff and potential class members as victims of a particular alleged policy or practice because it stated nothing about how the other potential class members received compensation). Plaintiff has not met her burden for conditional certification.[7]

### IV.  CONCLUSION

Plaintiff's motion for conditional certification and notice to potential plaintiffs is **DENIED**.

**SO ORDERED on this 6th day of July, 2017**.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Because Plaintiff's motion for conditional certification is denied, her arguments regarding the type of notice sent to the conditional class will not be considered.